UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA GRIFFIN,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

Case No. 15-13809
Hon. Denise Page Hood

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge David R. Grand's Report and Recommendation. **[Doc. No. 21]** Timely objections[1] and a response to the objections were filed in this matter. **[Doc. Nos. 24 and 25]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review

---

[1] Plaintiff's Amended Motion for Extension of Time to File Objections [Doc. No. 23] is **GRANTED**. Plaintiff's Motion for Extension of Time to File Objections [Doc. No. 22] is **DENIED AS MOOT.**

of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's: (a) conclusion that any error of the ALJ in analyzing Plaintiff's headaches was harmless; (b) determination that the ALJ's residual functional capacity ("RFC") assessment adequately reflects Plaintiff's moderate limitations in concentration, persistence, pace ("CPP"); and (c) conclusion that the ALJ's RFC finding is supported by substantial evidence.

In her first objection, Plaintiff argues that the ALJ's RFC did not account for the limitations presented by Plaintiff's headaches, which Plaintiff contends constituted a severe impairment. Plaintiff asserts that the Magistrate Judge erred when concluding that the ALJ's deficient analysis was harmless. Plaintiff argues that her headaches were more than the "slight abnormality standard" set forth in *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988), as "the majority of the

evidence indicates that the headaches cause more than a minimal effect on work ability" and "could reasonably result in postural, communicative, and environmental limitations at Step 4."

The Court is not persuaded by Plaintiff's argument. As the Magistrate Judge noted and Plaintiff acknowledged, "an ALJ's failure to name one of the claimaint's impairments as severe does not constitute reversible error as long as the ALJ considers all of the claimant's impairments, severe and non-severe, during later steps of the sequential evaluation analysis." *Maziarz v Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). *See also White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) ("Once one severe impairment is found, the combined effect of all impairments must be considered, even if the other impairments would not be severe."); 20 C.F.R. 404.1523, 404.1545(a)(2). Although Plaintiff contends that the ALJ failed to consider her headaches at the later steps, the ALJ's decision reveals otherwise. As the Magistrate Judge found:

> A review of the ALJ's decision, however, makes clear that [Plaintiff] is incorrect. The ALJ explicitly addressed the functional effects of [Plaintiff]'s syncopal episodes and headaches at Step Two, finding that the evidence does not "support a conclusion that these episodes more than minimally affect [her] ability to perform basic work activities." (Tr. 16-17). Moreover, contrary to [Plaintiff]'s assertion, the ALJ did acknowledge her treatment for syncopal episodes and migraines at the Harper Neurology Clinic; however, he supportably found that these conditions did not cause any appreciable physical or mental deficits, improved with medication, and were accompanied by consistently normal neurologic examination findings. (Tr. 17 (citing Exhibit B20F [Tr. 939-56])).

3

[Plaintiff] points to no medical opinions or objective findings substantiating her claim that she experiences debilitating headaches on a daily or even regular basis.

> Thus, where the ALJ properly found that [Plaintiff]'s allegations were less than fully credible–a finding that [Plaintiff] does not challenge–the ALJ was not required to impose any related restrictions in his RFC assessment. See *Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994) ("[T]he ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals.").

Dkt. No. 21, PgID 1121-22 (footnotes omitted). Evidence in the record also demonstrated that if Plaintiff suffered from "severe headaches," she worked with them from the time of an automobile accident in 2007 until the onset of her disability in 2013. For these reasons, the Court agrees with the Magistrate Judge's conclusions that: (a) substantial evidence supported the ALJ's failure to incorporate into the RFC any limitations to account for her headaches; and (b) such failure was harmless.

As to Plaintiff's second objection, Plaintiff essentially argues that the Magistrate Judge should have applied *Milewski v. Colvin*, 2016 WL 4593831 (E.D. Mich. Sept. 2, 2016), rather than *Mortzfield v. Comm'r of Soc. Sec.*, 2014 WL 1304991, at *1 (E.D. Mich. Mar. 31, 2014). The Court finds persuasive the analysis set forth by the Magistrate Judge, in particular relying on the *Mortzfield* court's conclusion that: "the ALJ must incorporate the CPP limitation, in some way or form, into the hypothetical questions asked of the VE." *Id.* Like the

Magistrate Judge, the Court finds that the ALJ adequately explained how he accounted for Plaintiff's CPP limitations. *See also Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 635 (6th Cir. 2016) ("Case law in this Circuit does not support a rule that a hypothetical providing for simple, unskilled work is *per se* insufficient to convey moderation limitations in [CPP].").

In her third objection, Plaintiff asserts that the errors argued above, together with the ALJ's failure to comply with the function-by-function assessment set forth in SSR 96-8, rendered the ALJ's RFC inaccurate. Plaintiff makes a conclusory statement that the Magistrate Judge erred in reaching his conclusions and recommendations because they "are not consistent with a proper review of the medical evidence and are not supported by substantial evidence." Plaintiff does not explain what a proper review of the medical evidence should have encompassed, nor does she explain why there was an absence of substantial evidence. Conclusory objections are insufficient to challenge a magistrate judge's report. *See, e.g., Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in her objections, was supported by substantial evidence and was not based on any legally

erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge David R. Grand **[Doc. No. 21, filed September 15, 2016]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 24, filed September 29, 2016]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 14, filed February 22, 2016]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 15, filed April 4, 2016]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

                        S/Denise Page Hood
                        Denise Page Hood
                        Chief Judge, United States District Court

Dated:  October 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 28, 2016, by electronic and/or ordinary mail.

                        S/Shawna C. Burns
                        Case Manager Generalist